IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK COLLINS, INC.,
*Plaintiff*,                                                    *
                                          *

                    v.                              *          Civil No. JFM 8:12-cv-00020
                                          *

DOES 1–44,                                                      *
*Defendants.*                                                   *
                                        ******

## OPINION

Plaintiff, Patrick Collins, Inc. ("Collins"), filed a complaint in this court on January 3, 2012 against unidentified John Doe defendants 1–44[1] seeking monetary and injunctive relief for copyright infringement pursuant to 17 U.S.C. § 101, et seq.  Pending before the court are Doe defendant #40's Motion to Sever (ECF No. 11) and Doe defendant #39's Motion to Quash or Modify Subpoena (ECF No. 8).[2]  All issues have been fully briefed and no oral argument is

---

[1] Collins has filed notices in this court to voluntarily dismiss with prejudice Does 8, 10, 13, 15, 16, 43, and 44 pursuant to Federal Rule of Civil Procedure 41(a).  (ECF Nos. 6 & 13.)  Doe defendants 1–7, 9, 11–12, 14, 17–43 remain.

[2] Both the Federal Rules of Civil Procedure and the District of Maryland Local Rules require that persons filing papers in this court identify themselves by name and provide contact information. *See* Fed. R. Civ. P. 11(a) ("Every . . . written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number."); Local Rule 102.1.b.i. ("At the bottom of all Court documents, counsel and self-represented litigants shall state their name, address, telephone number, e-mail and fax number.").  There are, however, times when personal privacy concerns and other extenuating circumstances allow for anonymous filing.  *See, e.g.*, *Does 1–23 v. Advanced Textile*, 214 F.3d 1058, 1068–69 (9th Cir. 2000) (stating that parties may "use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment") (internal quotations and citations omitted); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) ("[U]nder appropriate circumstances anonymity may, as a matter of discretion, be permitted.")  This court has established factors to consider in deciding whether to allow anonymous filing, including, most relevant to this case, "the risk of unfairness to the opposing party from allowing an action against

necessary.  *See* Local Rule 105.6.  For the reasons that follow, I find joinder of the putative

defendants improper and sever claims against all defendants, except Doe defendant #1.  As a

result, all subpoenas seeking severed defendants' personal identifying information are quashed.

Doe #39's motion is therefore denied as moot.

## BACKGROUND

On January 3, 2012, Plaintiff Patrick Collins, Inc. ("Collins") filed a complaint against

forty-four John Doe defendants alleging that defendants used a file-sharing protocol called

BitTorrent to illegally obtain Collins' copyrighted pornographic motion picture *Tori Black is

Pretty Filthy*.  (Compl. ¶ 3.)  Collins explains that the BitTorrent protocol differs from the

traditional peer-to-peer ("P2P") protocols.  (Compl. ¶ 9.)  Unlike a traditional P2P protocol, with

BitTorrent the illegal download occurs through a piecemeal process.  (*Id.*; Compl. Ex. B ¶ 16,

ECF No. 1-6.)  The initial file-provider shares the original file, known as a "seed," with a torrent

network.  (Compl. ¶ 9.)  Then, through this torrent network, users receive different portions of

the file from other "peer" users who have already downloaded the file, eventually obtaining a full

---

it to proceed anonymously." *James*, 6 F.3d at 238.  Defendant's motion to quash for the very
purpose of protecting his/her identifying information, and motion to sever based on the nature of
the plaintiff's underlying claims, should be allowed to proceed anonymously because assessing
these preliminary matters without knowing defendants' identities causes plaintiff no harm.  This
is by no means a substantive finding that defendants have a cognizable right of privacy in their
identifying subscriber information.  Rather, it is a procedural decision allowing these early
motions to proceed anonymously when there is little if any harm to the plaintiffs.  As a final
point, at least two courts in mass copyright infringement cases paid particular attention to
defendants that *did not* file anonymously.  *See First Time Videos, LLC v. Does 1–500*, 276
F.R.D. 241, 247 n.7 (N.D. Ill. 2011) ("Indeed, the Putative Defendants moving this Court to
quash subpoenas served on their ISPs for their identifying information while filing under their
own names and addresses reveal just how little reasonable expectation of privacy may exist when
conveying such information to any third party.  Having failed to file anonymously or
pseudonymously, these Putative Defendants have very nearly rendered moot their own motions
to quash."); *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1–4,577*, 736 F. Supp. 2d
212, 215 (D.D.C. 2010) ("[The defendant] filed his motion to quash under seal and thus the issue
of his identifying information is not moot.").

and complete copy of the file. (*Id.*) As more and more peers join the network, they form what is collectively known as a "swarm." (*Id.*) Collins states that as more individuals download the file and thereby join the swarm, the likelihood of new, successful downloads increases. (*Id.* ¶ 10.) Collins alleges the Doe defendants reproduced and/or distributed *Tori Black is Pretty Filthy* through this piecemeal process, thereby willfully and intentionally infringing on Collins' exclusive rights. (Compl. ¶ 13.)

Attached to the complaint is a chart listing the Internet Protocol addresses ("IP addresses") of the forty-four Doe defendants—the only identifying information provided to this court—together with the date and time each defendant allegedly accessed the torrent network for the purpose of downloading unlawful copies of Collins' copyrighted motion picture. (Compl. Ex. A, ECF No. 1-5). On January 6, 2012, this court granted Collins' Motion to Expedite Discovery. (ECF No. 5.) In accordance with this court's Order, Collins then served Rule 45 subpoenas on the ISPs that provide internet service to the allegedly infringing IP addresses to obtain sufficient identifying information—names, addresses, telephone numbers, and e-mail addresses—to serve Doe defendants with process.

## ANALYSIS

### A.  Motion to Sever

Federal Rule of Civil Procedure 20(a)(2) describes the requirements for permissive joinder: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). If the

two requirements are not met, and defendants are deemed improperly joined, the court "on motion or on its own . . . may at any time, on just terms . . . drop a party." Fed. R. Civ. P. 21. The Federal Rules make clear that "misjoinder of parties is not a ground for dismissing an action" in its entirety. *Id.*

The Supreme Court has articulated that "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Additionally, the Fourth Circuit has held that "Rule 20 grants courts wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs. Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007). The court cannot ignore Rule 20's requirements, however. *See Arista Records, LLC v. Does 1–11*, No. 1:07-cv-2828, 2008 WL 4823160, at *4 (N.D. Ohio Nov. 3, 2008) (stating that the court "does not believe that . . . efficiency concerns should supersede the requirements for joinder set forth in the Federal Rules of Civil Procedure, particularly where, as here, there are no allegations that the same individual is responsible for multiple instances of infringement occurring at the identified IP addresses"). I find the requirements of Rule 20 are not met, and defendants are improperly joined.

As a preliminary matter, I must address why I find it appropriate, if not preferable, to reach the joinder issue prior to the Doe defendants' identification. *See Arista Records,* 2008 WL 4823160, at *4 ("[T]he Court agrees with the various district courts that have decided to reach the joinder issue prior to identification of the doe defendants.") (collecting cases); *BMG Music v. Does 1–203*, No. Civ. A. 04-650, 2004 WL 953888, at *1 ("Although it would be convenient and economical (for Plaintiffs) to have this Court preside over Plaintiffs' expedited discovery request, the Court simply cannot overcome its finding that the Defendants are not properly joined

parties. In light of the Court's continuing conviction that joinder is improper, deferring

consideration of the joinder issue is inappropriate . . . .").  Unlike a personal jurisdiction inquiry,

the court does not need defendants' personal identifying information to evaluate joinder.

Collins' allegations are sufficient to evaluate whether Rule 20's permissive joinder requirements

are satisfied.

Not only does the court possess the requisite information to address joinder at this stage,

but failing to do so raises significant fairness concerns.  The Northern District of Ohio provides

an excellent description of the adverse practical consequences associated with deferring

consideration of joinder:

> [I]f Plaintiffs' Complaint does in fact violate the joinder requirements, Plaintiffs
> should not be permitted to proceed with their lawsuit until after the procedural
> defect is rectified. . . . The Federal Rules of Civil Procedure should not be cast
> aside merely in the name of potential efficiency. . . . [Additionally,] [i]n all
> likelihood, if the joinder decision were to be postponed, the Court would never
> have an opportunity to rule on the propriety of Plaintiffs' joinder of the Doe
> Defendants. *See Sony BMG Music Entm't v. Does 1–5*, No. CV 07–2434 SJO
> (JCx) (C.D.Cal. Aug. 29, 2007) ("Although Plaintiffs contend that the Defendant
> Does may question the propriety of joinder after they are identified, it is this
> Court's experience that an overwhelming majority of cases brought by recording
> companies against individuals are resolved without so much as an appearance by
> the defendant, usually through default judgment or stipulated dismissal.") . . .
> While overworked courts normally would appreciate one less motion to decide,
> by deferring a ruling on joinder in this case and if, as will be discussed below,
> the Doe Defendants are misjoined, Plaintiffs would be able to avoid paying $350
> filing fees under 28 U.S.C. § 1914(a) for separate actions against each of the
> improperly joined Defendants.  Although the government would not lose a
> substantial amount of filing fees from this case alone, other courts and
> commentators have noted that a consequence of postponing a decision on joinder
> in lawsuits similar to this action results in lost revenue of perhaps millions of
> dollars and only encourages Plaintiffs . . . to join (or misjoin) as many doe
> defendants as possible.

*Arista Records*, 2008 WL 4823160, at *5.  If the defendants are improperly joined, making the

case procedurally defective, Collins should have to cure that defect before the case proceeds.

Otherwise, Collins receives a windfall, misjoining defendants and securing all the necessary

personal information for settlement without paying more than a one-time filing fee.[3] *See SBO*

*Pictures, Inc. v. Does 1–3036*, No. 11-4220 SC, 2011 WL 6002620, at *4 (N.D. Cal. Nov. 30,

2011) (noting "the potential for coercing unjust settlements from innocent defendants trumps

Plaintiff's interest in maintaining low litigation costs" and that "a consequence of postponing a

decision on joinder in lawsuits similar to this action results in lost revenue of perhaps millions of

dollars (from lost filing fees) and only encourages [plaintiffs in copyright actions] to join (or

misjoin) as many doe defendants as possible") (internal quotation marks and citation omitted);

*Raw Films, Ltd. v. Does 1–32*, No. CV-11-532(JAG), 2011 WL 6182025, at *3 (E.D. Va. Oct. 5,

2011) ("The plaintiffs seemingly have no interest in actually litigating the case, but rather simply

have used the Court and its subpoena powers to obtain sufficient information to shake down the

John Does.").

     The issue then is whether joinder is appropriate in this case.  Mass copyright

infringement actions naming hundreds of Doe defendants, of the sort presently before the court,

have become quite common.  Whether joinder is proper is a central question in most of these

cases, and federal courts are divided.  Some courts have held joinder improper.  *See, e.g.*, *IO*

*Group, Inc. v. Does 1–435*, No. C 10–4382 SI, 2011 WL 445043, at *3–*6 (N.D. Cal. Feb. 3,

2011); *Elektra Entm't Group, Inc. v. Does 1–9*, No. 04 Civ. 2289 (RWS), 2004 WL 2095581, at

*5–*7 (S.D.N.Y. Sept. 8, 2004); *BMG Music*, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004).

Others have held joinder proper.  *See, e.g.*, *Patrick Collins, Inc. v. Does 1–15*, No. 11–cv–

02164–CMA–MJW, 2012 WL 415436, at *2–*4 (D. Colo. Feb. 8, 2012); *Digital Sin, Inc. v.*

*Does 1–176*, No. 12–cv–00126 (AJN), 2012 WL 263491, at *5 (S.D.N.Y. Jan. 30, 2012); *Call of*

---

[3] The court also notes, as others have, that "the risk of inappropriate settlement leverage is
enhanced in a case like this involving salacious and graphic sexual content where a defendant
may be urged to resolve a matter at an inflated value to avoid disclosure of the content the
defendant was accessing."  *Raw Films*, 2011 WL 6840590, at *2 n.5.

*the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, 342–43 (D.D.C. 2011); *W. Coast Prod., Inc. v. Does 1–5829*, 275 F.R.D. 9, 15–16 (D.D.C. 2011); *K–Beech, Inc. v. Does 1–57*, No. 2:11–cv–358–Ftm-36SPC, 2011 WL 5597303, at \*5–\*7 (M.D. Fla. Nov. 1, 2011), *Hard Drive Prods., Inc. v. Does 1–55*, No. 11 C 2798, 2011 WL 4889094, at \*5 (N.D. Ill. Oct. 12, 2011); *Donkeyball Movie, LLC v. Does 1–171*, No. civ-10–1520(BAH), 2011 WL 1807452, at \*4–\*5 (D.D.C. May 12, 2011).   I find the former collection of cases more persuasive, despite recent cases in this district that have tended toward the logic of the latter.  *See Third Degree Films, Inc. v. Does 1–108*, No. 11-3007-DKC, 2012 WL 669055, at \*4–\*5 (D. Md. Feb. 28, 2012); *Third Degree Films, Inc. v. Does 1–118*, No. 11–cv–03006–AW, 2011 WL 6837774, at \*2–\*3 (D. Md. Dec. 28, 2011);  *K-Beech, Inc. v. Does 1–22*, No. 11-cv-01774-AW, 2011 WL 6000768, at \*2–\*3 (D. Md. Nov. 29, 2011); *Patrick Collins, Inc. v. Does 1–22*, No. 11-cv-01772-AW, 2011 WL 5439005, at \*2–\*4 (D. Md. Nov. 8, 2011); *Patrick Collins, Inc. v. Does 1–11*, No. 11-cv-01776-AW, 2011 WL 5439045, at \*1–\*3 (D. Md. Nov. 8, 2011).

The courts finding misjoinder focused mainly on a deficiency in Rule 20's transactional component, holding that the Doe defendants' separate and distinct actions did not constitute "the same transaction, occurrence or series of transactions or occurrences."  Fed. R. Civ. P. 20; *see Arista Records,* 2008 WL 4823160, at \*6 ("[M]erely alleging that the Doe Defendants all used the same ISP and file-sharing network to conduct copyright infringement without asserting that they acted in concert was not enough to satisfy the same series of transactions requirement under the Federal Rules."); *Fonovisa, Inc.,* 2008 WL 919701, at \*5 ("A review of the record indicates that the copyright infringement claims alleged against Does 1 through 9 are not logically related and therefore do not constitute the same transaction or occurrence, or series of transactions or occurrences.  First, the complaint does not contain any allegation that the nine Defendants are

7

jointly or severally liable to the sixteen Plaintiffs.  Second, Plaintiffs have failed to allege any

facts tending to show that one or more of the Defendants has actually downloaded songs from

another Defendant, which could conceivably link the Defendants or show they acted in

concert.").  These courts also correctly rejected the argument that the harm caused by each Doe

was sufficiently similar to satisfy Rule 20's transactional requirement.  *See Fonovisa*, 2008 WL

919701, at *5 ("[I]f the transactional test could be satisfied by merely alleging that the plaintiffs

suffered the same harm from alleged violations of their copyrights, 'a copyright plaintiff could

join as defendants any otherwise unrelated parties who independently copy material owned by

the plaintiff . . . . [U]nder this logic, there would be virtually no limit to the number of parties

that could be joined, which would effectively nullify the transactional requirement.") (internal

quotations and citations omitted).

Although courts often declined to address Rule 20's second requirement after finding

misjoinder on the first requirement, some still evaluated Rule 20's second requirement regarding

common questions of law and fact.  This is undeniably a much closer call; however, I concur

with the courts finding that although there is a common question of law as to whether the

downloading activity constituted unlawful infringement of Collins' copyright, the reality is that

each claim against each Doe involves different facts and defenses.  *See Elektra Entm't*, 2004 WL

2095581, at *7 ("The claims against the different defendants will require separate trials as they

may involve separate witnesses, different evidence, and different legal theories and defenses,

which could lead to confusion of the jury . . . . Moreover, the Court finds that there will almost

certainly [be] separate issues of fact with respect to each Defendants.") (quoting *BMG Music*,

2004 WL 953888, at *1);  *BMG Music*, 2004 WL 953888, at *1 ("Comcast subscriber John Doe

1 could be an innocent parent whose internet access was abused by her minor child, while John

Doe 2 might share a computer with a roommate who infringed Plaintiffs' works.  John Does 3 through 203 could be thieves, just as Plaintiffs believe.").  Thus, courts hearing these mass copyright infringement cases have found significant issues with at least one, if not both, of the requirements for permissive joinder.

The present case likewise does not support joinder.  As to the transactional requirement, merely alleging that the Doe defendants all used the same file-sharing protocol, BitTorrent, to conduct copyright infringement of plaintiff's film without any indication that they acted in concert fails to satisfy the "arising out of the . . . same series of transactions or occurrences" requirement.  Fed. R. Civ. P. 20(a)(2)(A).  If the Doe defendants remaining in this case have, in fact, infringed on Collins' copyright (a fact the court will assume looking at the pleadings most favorable to the non-moving party), each alleged infringement was separate and apart from the others.  *See Arista Records,* 2008 WL 4823160, at *6 ("[B]ecause Plaintiffs did not allege that the Doe Defendants caused the *same harm* (rather than the *same type of harm*), joinder is improper.").   Litigating instances of separate but similar conduct defies the purpose of joinder and raises concerns of individual fairness and justice.

In terms of Rule 20's second requirement, common question of law or fact, I understand there is commonality in that Collins has asserted the same count of copyright infringement against all defendants.  However, I cannot ignore or dismiss the significant factual and legal differences unique to the claims against, and defenses raised by, each Doe defendant.  Because of these differences, joinder raises serious fairness concerns.  Even courts denying motions to sever have articulated concerns.  *See Third Degree Films*, 2012 WL 669055, at *5 n.5 (denying motion to sever prior to Doe identification, but explicitly noting that "the court is well aware of the legitimate concerns of the Doe Defendants that their defenses will likely vary from each other

and thus may invite prejudice because, among other reasons, evidence may well be completely lost in a courtroom buzzing with more than a hundred others sued for downloading the [copyrighted work]") (internal quotation marks omitted).

In an attempt to distinguish the present case from those finding misjoinder, Collins points to several cases in which the court reasons that specific properties of BitTorrent, the file sharing protocol used in the present case, support joinder.  (Mem. Supp. Pl.'s Opp. Doe Def. #40 Mot. 4, ECF No. 12); *see Third Degree Films,* 2012 WL 669055, at *5 n.4 (stating that BitTorrent's properties distinguish it from other P2P networks and therefore "the issue of permissive joinder in this context is better analyzed in relation to cases that specifically address BitTorrent file-sharing").  A majority of courts, however, have specifically held that the properties of BitTorrent are insufficient to support joinder. *See Hard Drive Prods. v. Does 1–188,* 809 F. Supp. 2d 1150, 1163–64 (N.D. Cal. 2011); *Third Degree Films v. Does 1–3577*, No. C-11-02768 (LB), 2011 WL 5374569, at *3–*4 (N.D. Cal. Nov. 4, 2011); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, —— F.R.D. ——, 2011 WL 5190048, at *2–*3 (S.D. Fla. Nov. 1, 2011); *Hard Drive Prods., Inc. v. Does 1–30*, No. 2:11cv345, 2011 WL 4915551, at *2–*4 (E.D. Va. Oct. 17, 2011); *On the Cheap, LLC v. Does 1–5011*, No. C10–4472 BZ, 2011 WL 4018258, at *1 (N.D. Cal. Sept. 6, 2011); *Pacific Century Int'l Ltd. v. Does 1–101*, 2011 WL 2690142, at *2–*4 (N.D. Cal. July 8, 2011); *Diabolic Video Prods. Inc. v. Does 1–2099*, 2011 WL 3100404, at *3–*4 (N.D. Cal. May 31, 2011); *Millennium TGA, Inc. v. Does 1–21*, 2011 WL 1812786, at *2–*3 (N.D. Cal. May 12, 2011); *Lightspeed v. Does 1–1000*, No. 10–cv–5604, 2011 U.S. Dist. LEXIS 35392, at *6–*7 (N.D.Ill. Mar. 31, 2011); *Millennium TGA Inc. v. Does 1–800*, No. 10–cv–5603, 2011 U.S. Dist. LEXIS 35406, at *5–*7 (N.D.Ill. Mar. 31, 2011); *IO Grp., Inc. v. Does 1–19*, No. 10–03851, 2010 WL 5071605, at *8–*12 (N.D.Cal. Dec. 7, 2010); *see also Raw Films v.*

*Does 1–32*, No. 1:11–CV–2939–TWT, 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29, 2011)

(stating authoritatively that "the swarm joinder theory [associated with the BitTorrent protocol]

has been considered by various district courts, the majority of which have rejected it").

The Northern District of California, where many of these mass copyright infringement

cases are tried, provides an excellent explanation of why the BitTorrent protocol does not meet

Rule 20's transactional requirement:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1–188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1–188.  Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*Hard Drive Prods.,* 809 F. Supp. 2d at 1163.   While each alleged infringer may have received

pieces of plaintiff's copyrighted work from various other swarm members, there is no evidence

of any connection between the alleged infringers.  *See id.* ("[E]ven if the IP addresses at issue in

this motion all came from a single swarm, there is no evidence to suggest that each of the

addresses 'acted in concert' with all the others.").  In fact, the alleged downloads in the present

case occurred over a span of several months.  (Compl., Ex. A.); *Raw Films,* 2011 WL 6840590,

at *2 ("Downloading a work as part of a swarm does not constitute 'acting in concert' with one

another, particularly when the transactions happen over a long period.")  Passively allowing

another individual to upload a piece of a file is a far cry from the "direct facilitation" Collins

would have this court find.  Furthermore, the concerns previously discussed with regard to Rule

20's second requirement are unchanged by the properties of BitTorrent.  *See Hard Drive Prods.*,

809 F. Supp. 2d at 1163 ("[N]othing in the BitTorrent architecture changes the fact that each

defendant also will likely have a different defense.").  Thus, after delving thoroughly into the particulars of the BitTorrent technology, I agree with the views expressed by these courts that BitTorrent provides no greater support for joinder than earlier P2P protocols.

In addition, the fact that this case only involves one copyrighted work is irrelevant; whether the joined Doe defendants downloaded one work, or twenty, does not change the separate and discrete nature of their activity.  *See Hard Drive Prods.,* 809 F. Supp. 2d at 1161, 1163 (stating that Rule 20 joinder was improper because "the only commonality between the copyright infringers of the same work is that each commit[ted] the exact same violation of the law in exactly the same way" and that "merely infringing the same copyrighted work over [a given time] period is not enough [to support joinder]") (internal quotations and citations omitted).  Collins tries to further distinguish the present case by arguing that "the devices connected to all IP addresses identified in Exhibit A have utilized the same exact hash mark[4]," purportedly proving all defendants have not only exchanged the same film, but the exact same file.  (Compl. ¶ 11.)  The District of Arizona recently heard the same argument and rightfully concluded that plaintiff's "hash identifier" argument still failed to demonstrate that the defendants "shared data *with each other*."  *Patrick Collins, Inc. v. John Does 1–54*, No. , 2012 WL 911432, at *5 (D. Ariz. Mar. 19, 2012) (emphasis added).  Therefore, while the present case before me may differ from previous cases of its kind in the number of underlying copyrighted works and the torrent protocol used, the relevant facts for joinder are left unchanged—the alleged infringement was committed by unrelated defendants, through independent actions, at different times and locations.

---

[4] The complaint defines a hash mark as a "forensic digital fingerprint."  (Compl. ¶ 11.)

Because I find the requirements of Rule 20(a) are not met, I need not address the protective measures of Rule 20(b), which provide that "the court may issue an order – including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice . . . ." Fed. R. Civ. P. 20(b). I will, however, say briefly that even if Collins had satisfied Rule 20(a)(2)'s conditions for joinder, I would likely still sever the Doe defendants based on my discretionary authority under Rule 20(b) because allowing joinder here is inefficient, raises significant manageability problems, and is unduly prejudicial to the defendants. While some courts have proffered convenience and efficiency concerns as the basis for finding joinder proper, this court, conversely, finds that severance best promotes judicial economy. *Hard Drive Prods., Inc.* at 1164 (stating that permitting joinder would "undermine Rule 20(a)'s purpose of promoting judicial economy and trial convenience because it would result in a logistically unmanageable case"). Joinder in these types of cases "fails to promote trial convenience and expedition of the ultimate determination of the substantive issues" because even though the hundreds of defendants "may have engaged in similar behavior, they are likely to present different defenses." *Digital Sin, Inc. v. Does 1–5698*, 2011 WL 5362068 at *4; *see also Raw Films*, 2011 WL 6840590, at *2 ("The Defendants alleged to have participated in 'swarm' infringing often have different and divergent defenses to the copyright violation claims and to allow them to be asserted in a single case would defeat, not enhance, judicial economy."). To maintain any sense of fairness, each individual defendant would have to receive a mini-trial, involving different evidence and testimony. The enormous burden of a trial like this "completely defeat[s] any supposed benefit from the joinder of all Does . . . and would substantially prejudice defendants and the administration of justice." *Hard Drive Prods.*, 809 F. Supp. 2d at 1164.[5]

---

[5] The incredible burden a case like these places on the court cannot be overstated. *See On the*

The policy favoring broad joinder does not mean that the requirements for permissive joinder should be ignored. Collins has failed to meet Rule 20's two-prong test for permissive joinder. Thus, joinder of the Doe defendants is improper. Accordingly, with the exception of Doe #1, all remaining Doe defendants are severed from this action.

B. Motion to Quash or Modify Subpoena

Because I find defendants are improperly joined, subpoenas seeking discovery regarding all Doe defendants except for Doe defendant #1 are quashed. Doe defendant #39's motion is therefore moot.

CONCLUSION

For the foregoing reasons, the court severs all Doe defendants, except defendant Doe #1, from this action. All other pending motions are denied as moot. This court acknowledges that there are limited options for copyright holders to seek enforcement of their copyrights and remedy harm caused by infringement. At the same time, however, this court is unwilling to overlook serious procedural deficiencies and fairness concerns to solve the growing problem of enforcing pre-digital-age copyright law in the internet era.

April 4, 2012_____                    _____/s/_____
Date                                              J. Frederick Motz
                                                  United States District Judge

---

*Cheap*, 2011 WL 4018258, at *2 ("If I allow this matter to proceed with about 5000 defendants, it will create a logistical nightmare with hundreds if not thousands of defendants filing different motions, including dispositive motions, each raising unique factual and legal issues that will have to be analyzed one at a time."). The burden is further compounded by the fact that the increased work resulting from mass joinder requires no additional payment beyond the one-time $350 filing fee. Plaintiffs therefore in no way compensate financially for this significant drain on judicial resources.